ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

NEAL C. HONG (ILBN 6309265)
Assistant United States Attorney

450 Golden Gate Avenue, 11ᵗʰ Floor
San Francisco, California 94102-3495
Telephone: (415) 436-7246
FAX: (415) 436-7234
neal.hong@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17-00563 VC |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| DOUGLAS PIPPERT, | |
| Defendant. | |

**INTRODUCTION**

For the reasons set forth below, the United States respectfully recommends that the Court sentence Defendant, Douglas Pippert, to 235 months of imprisonment followed by a 15-year term of supervised release.

**ARGUMENT**

**A.    A sentence of 235 months of imprisonment is warranted because the nature and circumstances of this offense and history and characteristics of Defendant are particularly egregious.**

Defendant produced child pornography, exploiting at least two children.  (PSR ¶ 15).  "[T]he production of child pornography is a profoundly serious matter." *United States v. Polk*, 546 F.3d 74, 77

1  (1st Cir. 2008). "[T]he use of children as subjects of pornographic materials is harmful to the

2  physiological, emotional, and mental health of the child," *New York v. Ferber*, 458 U.S. 747 (1982), and

3  is "an assault upon the humanity of the person pictured, making that person a mere means serving the

4  voyeur's purposes." *United States v. Wiegand*, 812 F.2d 1239, 1245 (9th Cir. 1987). "Human dignity is

5  offended by the pornographer." *Id.*

6      Producers are the most culpable offenders when it comes to child pornography. *See United States*

7  *v. Robinson*, 669 F.3d 767, 778 (6th Cir. 2012). Defendant produced pornographic images of at least two

8  minor victims, J.H. and D.H., while they were unconscious. (PSR ¶¶ 14, 15). Defendant is also a "hands-

9  on" sex offender because he actively engaged in sexual acts with J.H. while he was conscious and

10 unconscious and recorded the molestation. *Id.* at 14.

11     Defendant's predation of children did not end with his sexual exploitation of D.H. and J.H.

12 Defendant continued his predatory behavior via Facebook by posing as a minor female, "Becky Adams,"

13 in order to trick teenage boys into sending him images of their genitals. *Id.* at 6-10. Defendant asked one

14 of the boys for a photo of his "balls," and the victim sent Defendant a 15 second video. *Id.* at 7. He also

15 admitted to law enforcement that he solicited images as "Becky Adams" on several occasions. *Id.* at 9.

16     Defendant's continued his abuse of children by maintaining a staggering amount of child

17 pornography—400,000 images and at least 50 hours of videos. *Id.* Defendant's collection included

18 sadistic and disturbing images, such as a minor bound in duct tape and an infant with a pacifier in his anus.

19 *Id.* "Photographs and films showing juveniles engaged in sexual activity is intrinsically related to the

20 sexual abuse of children, because this documentation is a permanent record of the children's

21 participation." *United States v. Blinkinsop*, 606 F.3d 1110, 1117 (9th Cir. 2010) (internal quotations

22 omitted). Among the 400,000 images were permanent records of D.H. and J.H.'s exploitation.   (PSR ¶

23 15).

24     Defendant exploited children in every imaginable way. He physically molested a minor, used

25 minors to make child pornography, preyed on children on the internet, and maintained an enormous library

26 of child pornography so that he could enjoy their suffering in the privacy of his own home. A sentence of

27 235 months of imprisonment is reasonable given the egregiousness of Defendant's conduct, and is

28

USA SENTENCING MEM.
CR 17-00563 VC

reasonable because it will serve as general and specific deterrence, and will protect society from further crimes of Defendant.

### B. A sentence of 235 months will serve as deterrence and will protect the public from further crimes of Defendant.

"The deterrence of sexual crimes against children is certainly a legitimate governmental interest." *United States v. Sandcrane*, 311 F. App'x 54, 55 (9th Cir. 2009). Based on Defendant's troubling history and the nature and circumstances of the offense, the United States has great concerns about Defendant reoffending. To combat this concern, Defendant provided a report by a clinical psychologist, Scott Lines, to the United States Probation Office. (Attachment A ("Lines Report")). Lines opines that Defendant is "less of a risk of re-offending." (Line Report p. 8). Lines bases this opinion on a Static 99-R test (Static 99), and his own "clinical judgment." *Id*.

The Court should give little, if any, weight to Lines's predication. First, Lines does not explain what a Static 99 is, how it is administered, or the basis of its conclusion. In *United States v. Mcllrath*, 512 F.3d 421 (7th Cir. 2008), Judge Posner explains, "what [Static 99] does is try to match a sex offender's characteristics to characteristics found in studies of convicted sex offenders to be correlated with recidivism, such as age (though only whether the offender is over 25), prior sexual offenses, and whether he has lived with someone for at least two years with whom he had a sexual relationship." *Mcllrath*, 512 F.3d at 424-25.

The Static 99 is problematic for predicting recidivism because "[e]stimates of recidivism are bound to be too low when one is dealing with underreported crimes such as sex offenses. Static 99 treats as a recidivist only someone who is *convicted* of a further sex offense, but the recidivism concern is with someone who commits a further offense, whether or not he is caught—yet if he is not caught, his subsequent crime does not affect the data on which the Static 99 calibrations are based." I*d*. at 425.

The Court should equally be unpersuaded by Lines's "clinical judgment" that Defendant has a reduced risk of recidivism. (Lines Report pp. 8-9). Lines's conclusion is based on an interview with Defendant, where he found Defendant "voluntarily expressed genuine remorse" and "thoughtfulness regarding his conduct." *Id*. The Court should be skeptical because Defendant has demonstrated that he is aptly capable of deception. He deceived D.H. and J.H. into believing they were safe in his home, when

USA SENTENCING MEM.
CR 17-00563 VC

in fact, he was molesting J.H. and using J.H. and D.H. to produce child pornography.  (PSR ¶¶ 11, 14-15).

He deceived children on the internet by posing as a female named "Becky Adams" in order to get them to

send pictures of their genitals.  *Id*. at 6-9.  He also been convicted of forgery, a crime of dishonesty, and

theft.  *Id*. at 33-35; *see United States v. Magoti*, 352 F. App'x 981, 985 (6th Cir. 2009) (recognizing

Michigan 750.249, uttering and publishing a forged document, as a crime of dishonesty).

Lines suggests Defendant's risk of recidivism will decrease as he gets older. (Lines Report p. 8).

Lines comes to this conclusion because age is one of the factors measured in the Static-99 and age being

"thought to decrease with increasing age." *Id*.  Unfortunately, it is not uncommon for an elderly individual

to commit a child pornography offense. *See United States v. Tosti*, 733 F.3d 816 (9th Cir. 2013) (76 years

old);  *United States v. Huqueriza*, 08-CR-119 PJH (65 years old); *United States v. Sullivan*, 08-CR-823

PJH (66 years old); *United States v. Berry*, 09-CR-733 WHA (64 years old); *United States v. Sanderson*,

10-CR-185 MMC (63 years old); *United States v. Weagle*, 11-CR-279 SBA (64 years old); *United States

v. Pinto*, 12-CR-22 CW (69 years old); *United States v. Cortez*, 14-CR-224 YGR (66 years old); *United

States v. Breslin*, 16-CR-515 YGR (68 years old); *United States v. Sholler*, 17-CR-181 SI (70 years old).

Defendant's history and characteristics are a better measure for the risk of recidivism than a flawed

test and his performance in an interview. "Statistical analysis of sex crimes has shown that the best

predictor of recidivism is not deportment at an interview but sexual interest in children." *United States v.

Garthus*, 652 F.3d 715, 720 (7th Cir. 2011) (citing R. Karl Hanson, Kelley E. Morton & Andrew J.R.

Harris, "Sexual Offender Recidivism Risk: What We Know and What We Need to Know," 989 Annals of

the N.Y. Academy of Sciences 154, 157 (2003) (tab.1))  "A pedophilic sex offender who has committed

both a child-pornography offense and a hands-on sex crime is more likely to commit a future crime,

including another hands-on offense, than a defendant who has committed only a child-pornography

offense." *Id*.  (citing Drew A. Kingston et al., "Pornography Use and Sexual Aggression: The Impact of

Frequency and Type of Pornography Use on Recidivism Among Sexual Offenders," 34 Aggressive

Behavior 1, 9 (2008)).

Defendant is a pedophilic sex offender who has committed both a child-pornography offense and

a hands-on sex crime.  He has proven he is a recidivist because he has victimized multiple children over

the years.  The need for deter combined with the seriousness of the instant offense and relevant conduct warrants a Guidelines sentence of 235 months of imprisonment. *See United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009) (affirming a 235-month Guideline sentence of a child pornographer because of his "undeterred recidivism" and "the seriousness and depravity of his actions").

**C.    Supervised Release**

The Court should impose a 15-year term of supervised release.  Fifteen years is reasonable because of Defendant's history as a hands-on offender, a producer of child pornography, an internet child predator, and possessor of 400,000 images of child pornography.

## CONCLUSION

For the reasons stated above, the United States respectfully recommends a sentence of 235 months of imprisonment followed by a term of 15 years of supervised release.


Dated: September 25, 2018


Respectfully submitted,

ALEX G. TSE
United States Attorney


NEAL C. HONG
Assistant United States Attorney


USA SENTENCING MEM.
CR 17-00563 VC